[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12254

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

JOSHUA SCOTT,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:17-cr-00050-LGW-CLR-2

_____

Before NEWSOM, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Joshua Scott appeals the district court's order that he pay $34,740 in restitution to Brink's, Inc., based on his convictions of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by attempted robbery. Scott asserts the district court erred by ordering restitution for financial loss stemming from an October 14, 2016, robbery for which he was acquitted by the jury. After review,[1] we affirm.

"A federal district court has no inherent authority to order restitution, and may do so only as explicitly empowered by statute." *United States v. Dickerson*, 370 F.3d 1330, 1335 (11th Cir. 2004) (quotation marks omitted). The Mandatory Victims Restitution Act (MVRA) states that, "when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1). A "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's

---

[1] We review the legality of a restitution order *de novo*. *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007). We review factual findings underlying a restitution order for clear error. *Id.*

criminal conduct in the course of the scheme, conspiracy, or pattern." *Id.* § 3663A(a)(2). The offenses listed in subsection (c) include offenses against property. *Id.* § 3663A(c)(1)(A)(ii).

"[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). In *United States v. Foley*, we considered a challenge to a restitution order on the basis the district court had relied on acquitted conduct. 508 F.3d 627, 635 (11th Cir. 2007). The defendant was convicted of 2 counts of mail fraud and 11 counts of money laundering, but was acquitted of wire fraud and conspiracy charges. *Id.* at 631. We explained that, under the MVRA, "restitution for mail or wire fraud is not limited to the specific act of fraud underlying the mailing or use of the wires for which the defendant is convicted, but is available for any victim of the entire scheme or artifice to defraud furthered by the mailing or use of the wires." *Id.* at 635 (quotation marks omitted). We concluded that, because one of the elements of mail fraud was participation in a scheme to defraud, "[t]he district court was correct to award restitution for any victim of the scheme furthered by [the defendant's] mail fraud." *Id.* at 636.

The district court did not err by ordering Scott to pay restitution to Brink's based on the financial loss it suffered due to the October 14 robbery. The court was permitted to consider Scott's participation in the October 14 robbery in issuing the restitution

order, so long as it was proven by a preponderance of the evidence. *See Watts*, 519 U.S. at 157, *Foley*, 508 F.3d at 635-36. For defendants convicted of offenses that include conspiracy as an element, restitution must be made to "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(1), (2). Scott was convicted of conspiracy to commit Hobbs Act robbery, and there was evidence to establish by a preponderance of the evidence that Brink's had been "directly harmed by [Scott's] criminal conduct in the course of" that conspiracy. *Id.* § 3663A(a)(2). Specifically, Gregory Plair testified that Scott helped plan and execute the October 14 robbery of SunTrust, and there was evidence that Brink's lost $34,740 as a result. Based on that evidence, the court did not clearly err when it found by a preponderance of the evidence that Scott's conduct directly harmed Brink's in the course of his conspiracy, and so the court did not clearly err when it ordered Scott to pay restitution to Brink's for its pecuniary loss from the October 14 robbery. *See* 18 U.S.C. § 3663A(a)(1), (2).

Scott is incorrect to argue the district court never found by a preponderance of the evidence that he was responsible for the October 14 robbery. Scott objected to assertions in the PSI that he was accountable for the October 14 robbery, and the district court overruled that objection at the sentencing hearing, stating that it found "by a preponderance of the credible evidence that the probation officer is factually correct in the presentence report." That finding in response to Scott's factual objections to the PSI was the equivalent of a finding that Scott was responsible for the October 14

robbery by a preponderance of the evidence. Regardless, we do "not insist that trial courts make factual findings directly addressing each issue that a litigant raises, but instead adhere to the proposition that findings should be construed liberally and found to be in consonance with the judgment, so long as that judgment is supported by evidence in the record." *See United States v. Acosta*, 363 F.3d 1141, 1151 (11th Cir. 2004) (quotation marks and citation omitted). For that reason, the court's restitution order itself was sufficient because the order required the finding that Scott was responsible for the October 14 robbery, which was the cause of Brink's loss, and that finding was supported by evidence in the record.

In sum, the district court did not err by considering Scott's acquitted conduct in relation to the October 14 robbery, and it did not clearly err by ordering Scott to pay restitution to Brink's based on that robbery. Therefore, we affirm.

**AFFIRMED.**